1  **KIRAKOSIAN LAW, APC**
   GREG L. KIRAKOSIAN (SBN 294580)
2  GREG@KIRAKOSIANLAW.COM
   644 SOUTH FIGUEROA STREET
3  LOS ANGELES, CALIFORNIA 90017-3411
   TELEPHONE: (213) 986-5389
4  FACSIMILE: (213) 477-2355

5  **LAW OFFICES OF DALE K. GALIPO**
   DALE K. GALIPO, ESQ. (SBN 144074)
6  DALEKGALIPO@YAHOO.COM
   21800 BURBANK BOULEVARD, SUITE 310
7  WOODLAND HILLS, CA 91367
   TELEPHONE: (818) 347-3333
8  FACSIMILE: (818) 347-4118

9  Attorneys for Plaintiffs,

10 **JILL WILLIAMS – State Bar No. 221793**
   **ESTHER TEIXEIRA – State Bar No. 346431**
11 **CARPENTER, ROTHANS & DUMONT, LLP**
   **500 S. Grand Avenue, 19th Floor**
12 **Los Angeles, CA  90071**
   **(213) 228-0400 / (213) 228-0401 [Fax]**
13 **jwilliams@crdlaw.com** / **eteixeira@crdlaw.com**

14 Attorneys for Defendants, County of Los Angeles,
   Deputy Joshua Corrales and Deputy Ernesto Hernandez

15

16                **UNITED STATES DISTRICT COURT**

17                **CENTRAL DISTRICT OF CALIFORNIA**

18

| | |
|---|---|
| 19  JUAN MARQUEZ, an individual; LUCIO MARQUEZ, an individual; 20  HILDA GONZALES, an individual; JAVIER MARQUEZ, an individual' 21  NICHOLAS MARQUEZ, an individual; 22          Plaintiffs,       v. 23  JOSHUA CORRALES, an individual; 24  ERNESTO HERNANDEZ, an individual; COUNTY OF LOS 25  ANGELES, a public entity; and DOES 1 through 10, inclusive, 26  Defendants. | Case No. 2:22-cv-07246-FMO-AGR  *[Hon., Fernando M. Olguin, Dist. Judge; Hon. Alicia G. Rosenberg, Magistrate Judge]*  **[DISCOVERY MATTER]**  **STIPULATED PROTECTIVE ORDER**   Complaint Filed:      10/04/2022 Trial Date:           02/06/2024 |

27

28

**STIPULATION FOR PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS; [PROPOSED] ORDER**

1.     A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Specifically, this action is likely to involve peace officer personnel files and related matter, which Defendants County of Los Angeles, Deputy Joshua Corrales, and Deputy Ernesto Hernandez contend is private, privileged and confidential. This action is also likely to involve sensitive medical records and information which is protected by law.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

B. <u>GOOD CAUSE STATEMENT</u>

Defendants contend that there is good cause and a particularized need for a protective order to preserve the interests of confidentiality and privacy in peace officer personnel file records and associated investigative or confidential records for the following reasons.

First, Defendants contend that peace officers have a federal privilege of privacy in their personnel file records: a reasonable expectation of privacy therein that is underscored, specified, and arguably heightened by the *Pitchess* protective procedure of California law.  *See Sanchez v. Santa Ana Police Dept.*, <u>936 F.2d 1027, 1033-1034</u> (9th Cir. 1990); *Hallon v. City of Stockton*, 2012 U.S. Dist. LEXIS

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

14665, *2-3, 12-13 (E.D. Cal. 2012) (concluding that "while "[f]ederal law applies to privilege based discovery disputes involving federal claims," the "state privilege law which is consistent with its federal equivalent significantly assists in applying [federal] privilege law to discovery disputes"); *Soto v. City of Concord*, 162 F.R.D. 603, 613 n. 4, 616 (N.D. Cal. 1995) (peace officers have constitutionally-based "privacy rights [that] are not inconsequential" in their police personnel records); *cf.* Cal. Penal Code §§ 832.7, 832.8; Cal. Evid. Code §§ 1040-1047.  Defendants further contend that uncontrolled disclosure of such personnel file information can threaten the safety of non-party witnesses, officers, and their families/associates.

Second, Defendants contend that municipalities and law enforcement agencies have federal deliberative-executive process privilege, federal official information privilege, federal law enforcement privilege, and federal attorney-client privilege (and/or attorney work product protection) interests in the personnel files of their peace officers – particularly as to those portions of peace officer personnel files that contain critical self-analysis, internal deliberation/decision-making or evaluation/analysis, or communications for the purposes of obtaining or rendering legal advice or analysis – potentially including but not limited to evaluative / analytical portions of Internal Affairs type records or reports, evaluative / analytical portions of supervisory records or reports, and/or reports prepared at the direction of counsel, or for the purpose of obtaining or rendering legal advice Defendants further contend that municipalities and law enforcement agencies have duties to respect the privacy rights of officers and third parties to this litigation, and such duties may bear on the course of discovery in this matter.  *See Sanchez*, 936 F.2d at 1033-1034; *Maricopa Audubon Soc'y v. United States Forest Serv.*, 108 F.3d 1089, 1092-1095 (9th Cir. 1997); *Soto*, 162 F.R.D. at 613, 613 n. 4; *Kelly v. City of San Jose*, 114 F.R.D. 654, 668-671 (N.D. Cal. 1987); *Tuite v. Henry*, 181 F.R.D. 175, 176-177 (D. D.C. 1998); *Hamstreet v. Duncan*, 2007 U.S. Dist. LEXIS 89702 (D. Or. 2007); *Admiral Ins. Co. v. United States Dist. Ct.*, 881 F.2d 1486, 1492, 1495 (9th Cir.

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

1    1988).  Defendants further contend that such personnel file records are restricted

2    from disclosure by the public entity's custodian of records pursuant to applicable

3    California law and that uncontrolled release is likely to result in needless intrusion

4    of officer privacy; impairment in the collection of third-party witness information

5    and statements and related legitimate law enforcement investigations/interests; and a

6    chilling of open and honest discussion regarding and/or investigation into alleged

7    misconduct that can erode a public entity's  ability to identify and/or implement any

8    remedial measures that may be required.

9         Third, Defendants contend that, since peace officers do not have the same

10   rights as other private citizens to avoid giving compelled statements, it is contrary to

11   the fundamental principles of fairness to permit uncontrolled release of officers'

12   compelled statements.  *See generally Lybarger v. City of Los Angeles*, <u>40 Cal.3d</u>

13   <u>822, 828-830</u> (1985); *cf.* U.S. Const., amend V.

14        Accordingly, Defendants contend that, without a protective order preventing

15   such, production of confidential records in the case can and will likely substantially

16   impair and harm defendant public entity's interests in candid self-critical analysis,

17   frank internal deliberations, obtaining candid information from witnesses,

18   preserving the safety of witnesses, preserving the safety of peace officers and peace

19   officers' families and associates, protecting the privacy officers of peace officers,

20   and preventing pending investigations from being detrimentally undermined by

21   publication of private, sensitive, or confidential information – as can and often does

22   result in litigation.

23             1.2.   Plaintiff does not agree with and does not stipulate to

24   Defendants' contentions herein above, and nothing in this Stipulation or its

25   associated Order shall resolve the parties' disagreement, or bind them, concerning

26   the legal statements and claimed privileges set forth above.

27        However, plaintiff agrees that there is Good Cause for a Protective Order so

28   as to preserve the respective interests of the parties without the need to further

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

1  burden the Court with such issues.  Specifically, the parties jointly contend that this

2  Stipulation and its associated Protective Order may avoid  harm to any alleged

3  privilege interests by permitting the parties to facilitate discovery with reduced risk

4  that privileged and/or sensitive/confidential information will become matters of

5  public record.

6          1.3.    The parties jointly contend that here, there is a particularized

7  need for protection as to certain investigative reports and other records that may be

8  produced, because of the privacy interests at stake therein.  Because of these

9  sensitive interests, the parties submit that a Court Order should address these

10  documents rather than a private agreement between the parties.

11          1.4.    The parties therefore stipulate that there is Good Cause for, and

12  hereby jointly request that the honorable Court issue/enter, a Protective Order re

13  confidential documents consistent with the terms and provisions of this Stipulation.

14  However, the entry of a Protective Order by the Court pursuant to this Stipulation

15  shall not be construed as any ruling by the Court on the aforementioned legal

16  statements or privilege claims in this section (§ 1), nor shall this section be

17  construed as part of any such Court Order.

18  2.    DEFINITIONS

19      2.1    Action: *Marquez, et al. vs. County of Los Angeles, et al.*, Case No.

20  2:22-cv-07246-FMO-AGR

21      2.2    Challenging Party:  a Party or Nonparty that challenges the designation

22  of information or items under this Order.

23      2.3    "CONFIDENTIAL" Information or Items:  information (regardless of

24  how it is generated, stored, or maintained) or tangible things that qualify for

25  protection under Federal Rule of Civil Procedure 26(c) and as specified above in the

26  Good Cause Statement. This material includes, but is not limited to, investigative

27  records and reports, as well as peace officer personnel records as defined by

28  California Penal Code sections 832.8, 832.5, 832.7 and the associated case law and

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

1   other similar confidential records designated as such.

2        2.4    Counsel:  Counsel of record for the parties, in-house counsel, and their

3   support staff.

4        2.5    Designating Party:  a Party or Nonparty that designates information or

5   items that it produces in disclosures or in responses to discovery as

6   "CONFIDENTIAL."

7        2.6    Disclosure or Discovery Material:  all items or information, regardless

8   of the medium or manner in which it is generated, stored, or maintained (including,

9   among other things, testimony, transcripts, and tangible things), that are produced or

10  generated in disclosures or responses to discovery in this matter.

11       2.7    Expert:  a person with specialized knowledge or experience in a matter

12  pertinent to the litigation who has been retained by a Party or its counsel to serve as

13  an expert witness or as a consultant in this action.

14       2.8    House Counsel:  attorneys who are employees of a Party to this Action.

15  House Counsel does not include Outside Counsel of Record or any other outside

16  counsel.

17       2.9    Nonparty:  any natural person, partnership, corporation, association, or

18  other legal entity not named as a Party to this action.

19       2.10   Outside Counsel of Record:  attorneys who are not employees of a

20  Party to this Action but are retained to represent or advise a Party and have appeared

21  in this Action on behalf of that Party or are affiliated with a law firm that has

22  appeared on behalf of that Party, including support staff.

23       2.11   Party:  any Party to this Action, including all of its officers, directors,

24  employees, consultants, retained experts, and Outside Counsel of Record (and their

25  support staffs).

26       2.12   Producing Party:  a Party or Nonparty that produces Disclosure or

27  Discovery Material in this Action.

28       2.13   Professional Vendors:  persons or entities that provide litigation

Case No. 2:22-cv-07246-FMO-AGR

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

support services (for example, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time under applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

1  qualifies under the appropriate standards.  The Designating Party must designate for

2  protection only those parts of material, documents, items, or oral or written

3  communications that qualify so that other portions of the material, documents,

4  items, or communications for which protection is not warranted are not swept

5  unjustifiably within the ambit of this Order.

6        Mass, indiscriminate, or routinized designations are prohibited.  Designations

7  that are shown to be clearly unjustified or that have been made for an improper

8  purpose (for example, to unnecessarily encumber the case-development process or

9  to impose unnecessary expenses and burdens on other parties) may expose the

10  Designating Party to sanctions.

11        If it comes to a Designating Party's attention that information or items it

12  designated for protection do not qualify for that level of protection, that Designating

13  Party must promptly notify all other Parties that it is withdrawing the inapplicable

14  designation.

15        5.2    Manner and Timing of Designations.  Except as otherwise provided in

16  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

17  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

18  under this Order must be clearly so designated before the material is disclosed or

19  produced.

20        Designation in conformity with this Order requires:

21        (a)  for information in documentary form (e.g., paper or electronic documents,

22  but excluding transcripts of depositions or other pretrial or trial proceedings), that

23  the Producing Party must affix at a minimum, the legend "CONFIDENTIAL"

24  (hereinafter "CONFIDENTIAL legend"), to each page that contains protected

25  material.  If only a portion or portions of the material on a page qualify for

26  protection, the Producing Party must clearly identify the protected portion(s) (e.g.,

27  by making appropriate markings in the margins).

28        A Party or Nonparty that makes original documents available for inspection

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

1  need not designate them for protection until after the inspecting Party has indicated

2  which documents it would like copied and produced.  During the inspection and

3  before the designation, all material made available for inspection must be deemed

4  "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants

5  copied and produced, the Producing Party must determine which documents, or

6  portions thereof, qualify for protection under this Order.  Then, before producing the

7  specified documents, the Producing Party must affix the "CONFIDENTIAL legend"

8  to each page that contains Protected Material.  If only a portion or portions of the

9  material on a page qualifies for protection, the Producing Party also must clearly

10 identify the protected portion(s) (e.g., by making appropriate markings in the

11 margins). The "CONFIDENTIAL legend" should be placed in the margins or

12 otherwise on the document in a manner that does not unnecessarily obscure the

13 contents of the document or material.

14      (b)  for testimony given in depositions that the Designating Party identify the

15 Disclosure or Discovery Material on the record, before the close of the deposition all

16 protected testimony.

17      (c)  for information produced in some form other than documentary and for

18 any other tangible items, the Producing Party must affix in a prominent place on the

19 exterior of the container or containers in which the information is stored the legend

20 "CONFIDENTIAL."  If only a portion or portions of the information warrant

21 protection, the Producing Party, to the extent practicable, shall identify the protected

22 portion(s).

23      5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

24 failure to designate qualified information or items does not, standing alone, waive

25 the Designating Party's right to secure protection under this Order for that material.

26 Upon timely correction of a designation, the Receiving Party must make reasonable

27 efforts to assure that the material is treated in accordance with the provisions of this

28 Order.

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

     6.1    Timing of Challenges.  Any Party or Non-party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

     6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

     6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

     7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

     Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

     7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

1   "CONFIDENTIAL" only to:

2       (a)  the Receiving Party's Outside Counsel of Record in this Action, as well

3   as employees of said Outside Counsel of Record to whom it is reasonably necessary

4   to disclose the information for this Action;

5       (b)  the officers, directors, and employees (including House Counsel) of the

6   Receiving Party to whom disclosure is reasonably necessary for this Action;

7       (c)  Experts (as defined in this Order) of the Receiving Party to whom

8   disclosure is reasonably necessary for this Action and who have signed the

9   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

10       (d)  the Court and its personnel;

11       (e)  court reporters and their staff;

12       (f)  professional jury or trial consultants, mock jurors, and Professional

13   Vendors to whom disclosure is reasonably necessary for this Action and who have

14   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15       (g)  the author or recipient of a document containing the information or a

16   custodian or other person who otherwise possessed or knew the information;

17       (h)  during their depositions, witnesses and attorneys for witnesses in the

18   Action to whom disclosure is reasonably necessary provided: (1) the deposing party

19   requests that the witness sign the form attached as Exhibit A hereto; and (2) they

20   will not be permitted to keep any confidential information unless they sign the

21   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

22   agreed by the Designating Party or ordered by the court.  Pages of transcribed

23   deposition testimony or exhibits to depositions that reveal Protected Material may

24   be separately bound by the court reporter and may not be disclosed to anyone except

25   as permitted under this Stipulated Protective Order; and

26       (i)  any mediator or settlement officer, and their supporting personnel,

27   mutually agreed upon by any of the parties engaged in settlement discussions.

28   ///

Case No. 2:22-cv-07246-FMO-AGR

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

8.        PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must

(a)  promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.        A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-party from seeking additional protections.

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

1       (b)  In the event that a Party is required, by a valid discovery request, to

2  produce a Non-party's confidential information in its possession, and the Party is

3  subject to an agreement with the Non-party not to produce the Non-party's

4  confidential information, then the Party shall:

5       (1)  promptly notify in writing the Requesting Party and the Non-party that

6  some or all of the information requested is subject to a confidentiality agreement

7  with a Non-party;

8       (2)  promptly provide the Non-party with a copy of the Stipulated Protective

9  Order, the relevant discovery request(s), and a reasonably specific description of the

10  information requested; and

11       (3)  make the information requested available for inspection by the Non-party,

12  if requested.

13       (c)  If the Non-party fails to seek a protective order from this court within 14

14  days of receiving the notice and accompanying information, the Receiving Party

15  may produce the Non-party's confidential information responsive to the discovery

16  request.  If the Non-party timely seeks a protective order, the Receiving Party shall

17  not produce any information in its possession or control that is subject to the

18  confidentiality agreement with the Non-party before a determination by the court.

19  Absent a court order to the contrary, the Non-party shall bear the burden and

20  expense of seeking protection in this court of its Protected Material.

21  10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

22       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

23  Protected Material to any person or in any circumstance not authorized under this

24  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

25  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

26  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

27  people to whom unauthorized disclosures were made of all the terms of this Order,

28  and (d) request such person or persons to execute the "Acknowledgment and

13

1    Agreement to Be Bound" that is attached hereto as Exhibit A.

2    11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

3    PROTECTED MATERIAL

4          When a Producing Party gives notice to Receiving Parties that certain

5    inadvertently produced material is subject to a claim of privilege or other protection,

6    the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

7    Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

8    procedure may be established in an e-discovery order that provides for production

9    without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and

10   (e), insofar as the parties reach an agreement on the effect of disclosure of a

11   communication or information covered by the attorney-client privilege or work

12   product protection, the parties may incorporate their agreement in the stipulated

13   protective order submitted to the court.

14   12.    MISCELLANEOUS

15         12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

16   person to seek its modification by the Court in the future.

17         12.2   Right to Assert Other Objections.  By stipulating to the entry of this

18   Protective Order no Party waives any right it otherwise would have to object to

19   disclosing or producing any information or item on any ground not addressed in this

20   Stipulated Protective Order.  Similarly, no Party waives any right to object on any

21   ground to use in evidence of any of the material covered by this Protective Order.

22         12.3   Filing Protected Material.  A Party that seeks to file under seal any

23   Protected Material must comply with Civil Local Rule 79-5.  Protected Material

24   may only be filed under seal pursuant to a court order authorizing the sealing of the

25   specific Protected Material at issue.  If a Party's request to file Protected Material

26   under seal is denied by the court, then the Receiving Party may file the information

27   in the public record unless otherwise instructed by the Court.

28   ///

13.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, when appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   SANCTIONS

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Case No. 2:22-cv-07246-FMO-AGR

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

DATED:  March 22, 2023

Respectfully submitted,

**CARPENTER, ROTHANS &
DUMONT LLP**

By: _____/s/ Esther Teixeira_____
          Jill Wiliams
          Esther Teixeira
          Attorneys for Defendants

DATED:  March 22, 2023

Respectfully submitted,

**KIRAKOSIAN LAW, APC**

By: _____/s/ Shannon Leap_____
          Greg L. Kirakosian
          Shannon Leap
          Attorney for Plaintiffs

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: April 27, 2023     _____
          HONORABL  ALICIA G. ROSENBERG
          United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Central District of California on [date] in the case of *Juan Marquez, et al. v. Joshua Corrales, et al.*, USDC Case No. 2:22-cv-07246-FMO-AGR. I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

17

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**