**LAW OFFICES OF DALE K. GALIPO**
DALE K. GALIPO, ESQ. (SBN 144074)
 DALEKGALIPO@YAHOO.COM
RENEE V. MASONGSONG (SBN 281819)
 RVALENTINE@GALIPOLAW.COM
21800 BURBANK BOULEVARD, SUITE 310
WOODLAND HILLS, CA 91367
TELEPHONE: (818) 347-3333
FACSIMILE: (818) 347-4118

**KIRAKOSIAN LAW, APC**
GREG L. KIRAKOSIAN (SBN 294580)
 GREG@KIRAKOSIANLAW.COM
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE: (213) 417-9790
FACSIMILE: (213) 477-2355

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MARQUEZ, by and through his Guardian ad Litem, Lucio Marquez; LUCIO MARQUEZ; HILDA GONZALES; JAVIER MARQUEZ; NICHOLAS MARQUEZ;<br><br>     Plaintiffs,<br><br>     vs.<br><br>JOSHUA CORRALES; ERNESTO HERNANDEZ; COUNTY OF LOS ANGELES,<br><br>     Defendants. | CASE NO: 2:22-cv-07246-FMO-AGR<br><br>**PLAINTIFFS' UNOPPOSED EX PARTE APPLICATION TO CREATE AND FUND SPECIAL NEEDS TRUST AND DISBURSE SETTLEMENT FUNDS; POINTS AND AUTHORITY IN SUPPORT THEREOF**<br><br>*Notice to Government Agencies Provided 15 days prior to filing per California Probate Code §3602(3)(f)*<br><br>*Assigned for all purposes to the Honorable Fernando M. Olguin* |

/ / /

/ / /

/ / /

- 1 -
**EX PARTE APPLICATION; PETITION FOR AUTHORITY TO ESTABLISH SPECIAL NEEDS TRUST**

**TO THIS HONORABLE COURT, AND ALL PARTIES THROUGH THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiffs, JUAN MARQUEZ, by and through his guardian ad litem, LUCIO MARQUEZ; HILDA GONZALES; JAVIER MARQUEZ ("JUAN"); and NICHOLAS MARQUEZ ("Plaintiffs") hereby move this Court by way of this Unopposed *Ex Parte* Application for Approval of Compromise of the Claims Plaintiff JUAN and disbursement of the settlement funds. The current petition now seeks (1) approval of the compromise of JUAN's claims in the amount of $2,000,000; (2) an Order creating a Special Needs Trust pursuant to Fed. R. Civ. P. 17(c)(2) and Local Rule 17-1.; and (3) an Order for disbursement of the funds due to JUAN to a Special Needs Trust consistent with the laws in place to protect a disabled person's monies, as well as disbursement of the remaining funds to "Law Offices of Dale K. Galipo, Client Trust Account" for the settlement funds owed for the attorneys' fees and owed to the other plaintiffs in this case. Plaintiffs' counsel has provided notice to the relevant government agencies 15 days prior to filing the instant application, per California Probate Code §3602(3)(f).

Plaintiffs make this application pursuant to Central District Local Rule 7-19. The grounds for this application are set forth in the Memorandum of Points and Authorities, which follows below. Prior to filing this *ex parte* application, on July 13, 2026, Plaintiffs' counsel contacted Defendants' counsel in compliance with Local Rule 7-19 through 7-19.1. Defendants are represented by: Jill Williams; Carpenter, Rothans & Dumont; 500 South Grand Avenue, 19th Floor; Los Angeles, California 90071; 213-228-0400; jwilliams@crdlaw.com. [Declaration of Renee V. Masongsong at ¶ 2]. Defendants' counsel has no opposition to this *ex parte* application and petition to create the Special Needs Trust, and Defendants and their counsel take no position as to the distribution of the settlement funds. [Declaration of Renee V. Masongsong at ¶ 3]. Plaintiffs seek approval of JUAN's compromise

**EX PARTE APPLICATION; PETITION FOR AUTHORITY TO ESTABLISH SPECIAL NEEDS TRUST**

on an *ex parte* basis because this case has been ongoing since October 4, 2022, the Parties reached a settlement in December 2023, the settlement was only more recently approved, and the Parties wish to resolve this matter and consummate the settlement without further delay. [Declaration of Renee V. Masongsong at ¶ 4].

Respectfully submitted,

DATED: July 21, 2026              **KIRAKOSIAN LAW, APC**


                                  By: ___/s/ Greg L. Kirakosian_____
                                         GREG L. KIRAKOSIAN

                                  Attorneys for Plaintiffs


DATED: July 21, 2026              **LAW OFFICES OF DALE K. GALIPO**


                                  By: ____/s/ Dale K. Galipo_____
                                         DALE K. GALIPO

                                  Attorneys for Plaintiffs

**EX PARTE APPLICATION; PETITION FOR AUTHORITY TO ESTABLISH SPECIAL NEEDS TRUST**

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. GUARDIAN AD LITEM AND PLAINTIFFS REQUEST THAT JUAN MARQUEZ'S SETTLEMENT MONIES BE PLACED INTO A SPECIAL NEEDS TRUST.

1.      This matter, which arises from the deputy-involved shooting of JUAN MARQUEZ ("JUAN") settled for a total of $4,500,000. Out of the $4,500,000 settlement, $2,000,000 is allocated to Plaintiff JUAN; $700,000 is allocated collectively to Plaintiffs HILDA MARQUEZ, LUCIO MARQUEZ, and NICHOLAS MARQUEZ; $1,800,000 is allocated to the contingency attorneys' fees in the amount of 40%, to be split between two law firms; and Plaintiffs' counsel is waiving litigation costs. JUAN is the Plaintiff who was struck by shots during the incident giving rise to this lawsuit. JUAN asserted various claims arising under the Fourth Amendment and state law, and his family members who witnessed the shooting (HILDA MARQUEZ, LUCIO MARQUEZ, and NICHOLAS MARQUEZ) brought claims for negligent infliction of emotional distress and interference with their familial relationship with JUAN. There are no other plaintiffs in this lawsuit. [Declaration of Renee V. Masongsong at ¶ 5]. Plaintiffs' counsel has provided notice to the relevant government agencies 15 days prior to filing the instant application and petition, per California Probate Code §3602(3)(f). [Declaration of Renee V. Masongsong at ¶ 8].

2.      Plaintiffs are now before the Court to seek approval disbursement of funds due to JUAN through a Special Needs Trust.  As set forth further below, JUAN's *Guardian ad Litem* and the Plaintiffs are seeking an Order creating a Special Needs Trust for JUAN and an Order disbursing the proceeds to said Trust.

3.      This Court has previously appointed Plaintiff LUCIO MARQUEZ ("LUCIO") as *Guardian ad Litem* for JUAN, pursuant to Fed. R. Civ. P. 17(c)(2), to protect an incompetent person's (here, JUAN) interest in this matter.

4.     Local Rule (hereinafter "L.R.") 17-1 similarly sets forth protections to a minor's or incompetent's interests in petitions to settle, compromise, or dismiss a claim in an action involving an incompetent adult.  Specifically, pursuant to L.R 17-1.6.1, for a minor's or incompetent's funds to be disbursed, any proposed disbursement must be made in accordance with the provisions of Cal. Prob. Code § 3600 *et seq.*

5.     Cal. Prob. Code § 3600 *et seq.* applies to the compromise of claims on behalf of either a minor or an individual with a disability.  Cal. Prob. Code §§ 3602 and 3604 allow, for cases in which a conservatorship of the estate has not been established*,* for disbursement to the trustee of a special needs trust which is either created by, or approved of, by a court that gives judgement for the claims of an individual with a disability.  The Probate Code further provides "the terms of the trust shall be reviewed and approved by the court and shall satisfy the requirements of this section. The trust is subject to continuing jurisdiction of the court, and is subject to court supervision to the extent determined by the court. The court may transfer jurisdiction to the court in the proper county for commencement of a proceeding as determined under Section 17005." Cal. Prob. Code § 3604(a).

6.     Here, LUCIO, as *Guardian ad Litem*, proposes that this Court, consistent with L.R. 17-1.6.1, create such a Trust as set forth in Cal. Prob. Code §3604 to receive all approved proceeds.

7.     JUAN is eligible for several asset-sensitive public benefits.  First, JUAN is eligible for and currently receives Supplemental Security Income ("SSI") that provides monthly income replacement for individuals who are unable to be gainfully employed.  JUAN is also eligible for and receiving Medi-Cal to pay for his medical expenses.  In Home Support Services ("IHSS") is linked to JUAN's Medi-Cal eligibility.  IHSS is a program that pays caregivers to support JUAN with his disabilities.  If JUAN were to receive his settlement money outside of the Trust, such as in a conservatorship of the estate or in a blocked account, he would lose his

2

**EX PARTE APPLICATION; PETITION FOR AUTHORITY TO ESTABLISH SPECIAL NEEDS TRUST**

eligibility for Medi-Cal and eligibility for SSI, which, after taking into account cost-of-living adjustments, would amount to a substantial loss over his lifetime. As JUAN is still young, the proposed Trust seeks to err on the side of caution and preserve these benefits for JUAN.

8. Generally, an unmarried recipient who receives non-exempt assets in excess of $2,000.00 will not be eligible for Supplemental Security Income ("SSI"). The limit for Medi-Cal eligibility is $130,000.00 in non-exempt assets. The eligibility restrictions for these programs are true whether the recipient places the assets directly in his name, a conservator of the estate's name, or a trustee's name.

9. The federal government, recognizing that in most cases, SSI and Medicaid (Medi-Cal in California) will only partially provide for the needs of a recipient of SSI and/or Medi-Cal, enacted 42 USC §1396p(d)(4)(A). This section enables assets that exceed resource limits to be placed into trust and utilized for the benefit of the beneficiary while, at the same time, enabling an individual to maintain his or her eligibility for SSI and Traditional Medi-Cal. The assets placed into a trust created pursuant to 42 USC §1396p(d)(4)(A) are considered "unavailable" or "exempt" and, thus, not counted in determining an individual's eligibility for SSI and/or Traditional Medi-Cal. Trusts created pursuant to this section must (1) contain the assets of an individual that is sixty-five (65) years or younger; (2) be established by a parent, grandparent, **the court**, an individual, or court appointed guardian or conservator; (3) be for the sole and exclusive benefit of the beneficiary; (4) require that any medical assistance paid on behalf of the beneficiary by any State(s) that provided medical services through that State(s)'s Medicaid plan be paid back from the trust upon the termination of the trust or passing of the beneficiary; and (5) established for an individual with a disability.

10. In addition to 42 USC §1396p(d)(4)(A), a Special Needs Trust must comply with the California Probate Code and California Rules of Court for Trusts funded by Court Order regarding the transfer of assets to a minor or a person with

**EX PARTE APPLICATION; PETITION FOR AUTHORITY TO ESTABLISH SPECIAL NEEDS TRUST**

a disability pursuant to Prob. Code §3600 *et. seq.*  Petitioner respectfully requests that this Court order that the *Juan Marquez 2026 Special Needs Trust* (hereinafter "Trust") be established.  A true and correct copy of the proposed Trust is attached to the Declaration of Renee V. Masongsong as **EXHIBIT A** and incorporated herein by reference.

### B.    THE PROPOSED TRUST COMPLIES WITH 42 USC §1396p(D)(4)(A).

11.    The *Juan Marquez 2026 Special Needs Trust* complies with federal law in that it:

a.    Contains assets of an individual under the age of 65.  Here, the Beneficiary will be 28 years old at the time the Trust is established.

b.    The instant Trust is being established by Court Order.

c.    The Trust provides that it is only to be used for the exclusive benefit of JUAN (*See* Article One, Sections 1(A) and Section 3(A), and Article Four, Section 1(A)(1)(d) of **EXHIBIT A**)

d.    Upon the termination of the Trust or JUAN's passing, the terms of the Trust provide for a pay back to any State(s) that provided medical services through that State(s)'s Medicaid plan for any medical care provided while the Trust was in existence. (*See* Article Six, Section 2(B)(1) of **EXHIBIT A**)

### C.    THE PROPOSED TRUST COMPLIES WITH THE CALIFORNIA PROBATE CODE

12.    California Probate Code §3604(b) reads as follows:

"(b) A special needs trust may be established and continued under this section only if the court determines all of the following:

(1) That the minor or person with a disability has a disability that substantially impairs the individual's ability to provide for the individual's own care or custody and constitutes a substantial handicap.

**EX PARTE APPLICATION; PETITION FOR AUTHORITY TO ESTABLISH SPECIAL NEEDS TRUST**

(2) That the minor or person with a disability is likely to have special needs that will not be met without the trust.

(3) That money to be paid to the trust does not exceed the amount that appears reasonably necessary to meet the special needs of the minor or person with a disability."

13.    Here, JUAN's disabilities substantially impair his ability to provide for his own care.  At present, JUAN suffers from cognitive dementia at only 28 years of age. He is therefore likely to need specialized therapies and treatments for the rest of his life.

14.    Further, JUAN would not be eligible for certain public benefits without the Trust.  He would assuredly not be eligible for SSI without the Trust.  In the present case, if the Court were to order that JUAN's settlement proceeds be paid to a conservator of the estate for JUAN, he would jeopardize his eligibility for governmental assistance such as SSI, as well as Traditional Medi-Cal, which is the only form of insurance that will pay for programs such as In Home Support Services, a program JUAN is currently in and that pays caregivers in his home.  It simply would not be in JUAN's best interest to forgo his eligibility for monthly public benefits.

15.    As provided hereinabove, JUAN's total net settlement is $2,000,000.00, all of which will be used to fund the Special Needs Trust for his benefit. There will most likely be therapies that are available to JUAN in the future that public benefits will not cover or will only partially cover. As JUAN is only 28 years old at present, the amount of funds going into the Trust will be available to JUAN in the years ahead to address additional needs that benefits will not cover. Accordingly, it appears that no more money is going into the Trust than that which is reasonably necessary to meet JUAN's special needs.

16.    California Probate Code §3604(d) states: "A court order under Section 3602 or 3611 for payment of money to a special needs trust shall include a provision

5

**EX PARTE APPLICATION; PETITION FOR AUTHORITY TO ESTABLISH SPECIAL NEEDS TRUST**

that all statutory liens in favor of the State Department of Health Care Services, the State Department of State Hospitals, the State Department of Developmental Services, and any county or city and county in this state shall first be satisfied." Petitioner therefore requests an Order from this Court that all statutory liens in favor of the State Department of Health Care Services, the State Department of State Hospitals, the State Department of Developmental Services, and any county or city and county in this state shall first be satisfied.

**D.    THE PROPOSED TRUST COMPLIES WITH CALIFORNIA RULE OF COURT 7.903**

17.    Under the Cal. Prob. Code, any such Trust created under Cal. Prob. Code § 3600 et seq. must additionally comply with the California Rule of Court that governs Trusts Created by Court Order, Cal. R. Ct. 7.903. Specifically, Cal. R. Ct. 7.903(c) sets forth various requirements for a Court Created Trust to be valid. As set forth below, the proposed Trust is compliant with these requirements:

*(1) Not contain "no-contest" provisions;*

Here, the proposed Trust does not contain a "no contest" provision. *See* **EXHIBIT A** at Article 4, Section 2(A).

*(2)  Prohibit modification or revocation without court approval;*

The proposed Trust is irrevocable without court approval. *See* **EXHIBIT A** at Article 1, Section 5.

*(3)  Clearly identify the trustee and any other person with authority to direct the trustee to make disbursements;*

The proposed Trust lists SILVIA ROSALES as the Trustee with authority to make disbursements. *See* **EXHIBIT A** at Article 1, Sections 2 and 4, Article 3, Section 1, and Article 5, Section 1. A Consent to Act signed by SILVIA is attached hereto as **EXHIBIT B** and incorporated herein by reference.

*(4)  Prohibit investments by the trustee other than those permitted under Probate Code § 2574;*

6

EX PARTE APPLICATION; PETITION FOR AUTHORITY TO ESTABLISH SPECIAL NEEDS TRUST

The proposed Trust only permits investments made in compliance with California Probate Code § 2574. *See* **EXHIBIT A** at Article 4, Section 2, Paragraph D and Article 7, Section 4, Paragraph A.

*(5)   Require persons identified in (3) to post bond in the amount required under Prob. Code § 2320 et seq.;*

The proposed Trust requires any acting trustee, including SILVIA ROSALES, to post bond in the amounts required Cal. Prob. Code § 2320 *et seq. See* **EXHIBIT A** at Article 4, Section 2, Paragraph E and Article 8, Section 1. Accordingly, the bond amount of $2,170,800.00 is calculated pursuant to Cal. Prob. Code § 2320:

<u>**BOND CALCULATION**</u>

| | |
|---|---|
| Value of personal property of the estate: | $ 2,000,000.00 |
| Probable annual gross income of all of the property of the Estate (interest of 2%): | $      40,000.00 |
| Probable annual gross payments from public entitlements: | $           0.00 |
| Cost recovery of ten percent (10%) of the value up to $500,000 of personal property, annual income, and annual payments: | $      50,000.00 |
| Cost recovery of twelve percent (12%) of the value above $500,000 up to and including $1,000,000 of personal property, annual income, and annual payments: | $      60,000.00 |
| Cost recovery of two percent (2%) of the value above $1,000,000 of personal property, annual income, and annual payments: | <u>$      20,800.00</u> |

7

**EX PARTE APPLICATION; PETITION FOR AUTHORITY TO ESTABLISH SPECIAL NEEDS TRUST**

Bond Amount:                      $ 2,170,800.00

*(6)  Require the trustee to file accounts and reports for court approval in the manner and frequency required by Cal. Prob. Code §§ 1060 et seq. and 2620 et seq.;*

The proposed Trust requires the Trustee to file ongoing accounts and reports for court approval.  *See* **EXHIBIT A** at Article 4, Section 2(F) and Article 8, Section 3. Here, as set forth further below, the *Guardian ad Litem* seeks to have this trust monitored by the California State Probate Court.

*(7)   Require court approval of changes in trustees and a court order appointing any successor trustee; and*

The proposed Trust lists SILVIA ROSALES as the initial Trustee. If SILVIA ROSALES is unable or unwilling to act, Court authorization is required to appoint a successor trustee.  *See* **EXHIBIT A** at Article 5, Section 1(B).

*(8)   Require compensation of the trustee, the members of any advisory committee, or the attorney for the trustee, to be in just and reasonable amounts that must be fixed and allowed by the court. The instrument may provide for periodic payments of compensation on account, subject to the requirements of Cal. Prob. Code § 2643 and Cal. R. Ct. 7.755.*

The proposed Trust requires that any compensation to trustees or his/her attorney must be in "just and reasonable amounts" that are subject to Court approval. *See* **EXHIBIT A** at Article 4, Section 2(H) and Article 5, Section 1(C).

Accordingly, the proposed Trust satisfies the requirements of Cal. R. Ct. 7.903 for Trusts Created by Court Order.

**E.    THE PROPOSED TRUST COMPLIES WITH LASC LOCAL RULE 4.116**

**EX PARTE APPLICATION; PETITION FOR AUTHORITY TO ESTABLISH SPECIAL NEEDS TRUST**

18. In addition to the requirements set forth above, the Trust further complies with the additional requirements of LASC Local Rule 4.116 that governs trusts created or funded by court order as follows:

*(1) Where the trustee is a trust company (as defined in Financial Code section 107) and it petitions for fees, the petition must include a complete disclosure of any fees paid to a fiduciary and/or any affiliate as required by Probate Code section 16015 and Financial Code section 1561.1;*

Here, the Proposed Trustee is not a trust company. All Trustee fees for SILVIA are subject to Court Approval.

*(2) Any purchase of a personal residence for a beneficiary may be made only if authorized by the court pursuant to the rules applicable to conservatorships and guardianships. (See Prob. Code, § 2571.). See* Article 4, Section 3 of **EXHIBIT A**.

*(3) Any sale of a personal residence of the beneficiary may be made only if authorized by the court pursuant to the rules applicable to conservatorships and guardianships. (Prob. Code, § 2540(b).) Such sales must be returned to court for confirmation. (See Prob. Code, § 10300 et seq.). See* Article 4, Section 3 of **EXHIBIT A**; and

*(4) The trustee may not borrow money, lend money, give security, lease, convey, or exchange any property of the estate without prior authorization of the court. (See, Prob Code, § 2550). See,* Article 4, Section 3 of **EXHIBIT A**.

**F.    NOTICE TO GOVERNMENT AGENCIES**

19. Pursuant to California Probate Code §3602(3)(f), the following governmental agencies have been provided a copy of this petition 15 days prior to the filing of the instant ex parte application and motion:

    a.    Director of Developmental Services
          Legal Department
          P.O. Box 944202
          Sacramento, CA 94244-2020

9

**EX PARTE APPLICATION; PETITION FOR AUTHORITY TO ESTABLISH SPECIAL NEEDS TRUST**

b. Department of State Hospitals
1215 O Street
Sacramento, CA 95814

c. California Department of Health Services
Special Needs Trust Unit,
MS 4720, P.O. Box 997425,
Sacramento, CA 95899-7425

**G. IT IS IN THE BEST INTEREST OF JUAN FOR THE TRUST TO BE CREATED.**

20. A Special Needs Trust is the best use of JUAN's monies because the Trust allows his money to grow while preserving his public benefits, thereby maximizing the resources he most assuredly needs for his significant care.  Here, the monies disbursed to the Trust will be invested in only allowable investments as set forth in Prob. Code § 2574.  *See* **EXHIBIT A** at Article 4, Section 2(D) and Article 7, Section 4(A).  Furthermore, the Trust is subject to ongoing Court supervision to ensure that JUAN's interests are protected.  The alternative of placing JUAN's monies in a blocked account would earn him little to no interest.  Further, the alternative of placing JUAN's monies in a Conservatorship estate would mean JUAN would lose his eligibility for Medi-Cal and SSI.

**H. PLAINTIFFS REQUEST THAT THE PROPOSED TRUST BE BROUGHT UNDER THE SUPERVISION OF THE CALIFORNIA PROBATE COURT.**

21. LUCIO, as the *Guardian ad Litem* for JUAN, respectfully requests that, once created, the proposed Trust be brought under the supervision of the California Probate Court.  Once the instant Court establishes the proposed Trust, SILVIA will file a Petition for Authority to bring the *Juan Marquez 2026 Special Needs Trust* under the supervision of the California Probate Court and post bond.  Similarly, the California Probate Court will provide ongoing supervision through Court-mandated accountings.  As such, the *Guardian ad Litem* requests that, not only the Court order

**EX PARTE APPLICATION; PETITION FOR AUTHORITY TO ESTABLISH SPECIAL NEEDS TRUST**

the proposed Trust be established, but that once it is established, it be brought under the supervision of the California Probate Court; and more specifically, the Superior Court of California, County of Los Angeles.

**III.   CONCLUSION**

22.   The moving party submits that it is in the best interests of JUAN that the Trust, attached to the Declaration of Renee V. Masongsong as **EXHIBIT A**, be ordered as created and that all funds due to him be ordered released to this Trust. Additionally, upon establishment, the moving party respectfully request that the *Juan Marquez 2026 Special Needs Trust* be brought under the supervision of the California Probate Court; more specifically the Superior Court of California, County of Los Angeles for ongoing supervision.

WHEREFORE, Petitioner prays for an Order of this Court as follows:

1.   All notices of the date, time, and place on the *Motion to Establish and Fund a Special Needs Trust* have been given as required by law.

2.   It is in the best interests of JUAN for a Trust to be established under 42 U.S.C. § 1396p(d)(4)(a) of the Social Security Act.

3.   JUAN has a disability that substantially impairs his ability to provide for his own care or custody and constitutes a substantial handicap.

4.   JUAN is likely to have special needs that will not be met without the Trust.

5.   The money to be paid to the Trust does not exceed the amount that appears reasonably necessary to meet JUAN's special needs.

6.   SILVIA ROSALES is appointed as Trustee of the *Juan Marquez 2026 Special Needs Trust.*

7.   SILVIA ROSALES, as Trustee of the *Juan Marquez 2026 Special Needs Trust*, is ordered to post bond in the amount of $2,170,800.00.

**EX PARTE APPLICATION; PETITION FOR AUTHORITY TO ESTABLISH SPECIAL NEEDS TRUST**

8.    SILVIA ROSALES, as Trustee, is to file a Petition to bring the Trust under the supervision of the Los Angeles County Superior Court probate department.

9.    Trustee, SILVIA ROSALES, is to file her first accounting no longer than 12 months from the date of entry of the Order establishing the Trust, to be filed under a new case number to be established for the Trust.

10.    All statutory liens in favor of the State Department of Health Care Services, the State Department of State Hospitals, the State Department of Developmental Services, and any county or city and county in this state shall first be satisfied.

11.    The *Juan Marquez 2026 Special Needs Trust*, the terms of which are attached to the Declaration of Renee V. Masongsong as **EXHIBIT A**, is approved and established pursuant to 42 U.S.C. §1396p(d)(4)(a) for the benefit of JUAN.

Respectfully Submitted,

DATED: July 21, 2026                **KIRAKOSIAN LAW, APC**


By: ___/s/ Greg L. Kirakosian_____
            GREG L. KIRAKOSIAN

Attorneys for Plaintiffs




DATED: July 21, 2026                **LAW OFFICES OF DALE K. GALIPO**


By: ____/s/ Dale K. Galipo_____
            DALE K. GALIPO

Attorneys for Plaintiffs

**EX PARTE APPLICATION; PETITION FOR AUTHORITY TO ESTABLISH SPECIAL NEEDS TRUST**