**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JUAN MARQUEZ, by and through his Guardian ad Litem, Lucio Marquez; LUCIO MARQUEZ; HILDA GONZALES; JAVIER MARQUEZ; NICHOLAS MARQUEZ;

Plaintiffs,

vs.

JOSHUA CORRALES; ERNESTO HERNANDEZ; COUNTY OF LOS ANGELES,

Defendants.

CASE NO: 2:22-cv-07246-FMO-AGR

**[PROPOSED] ORDER GRANTING EX PARTE APPLICATION TO CREATE AND FUND SPECIAL NEEDS TRUST AND DISBURSE SETTLEMENT FUNDS**

**[PROPOSED] ORDER**

Having received and reviewed Plaintiffs' *Unopposed Ex Parte Application and Petition to Create and Fund Special Needs Trust and Disburse Settlement Funds*, all papers in support thereof, and the arguments of counsel, THE COURT HEREBY GRANTS Plaintiffs' Ex Parte Application and Petition as follows:

///

1
ORDER

1.    The settlement of the claims of JUAN MARQUEZ ("JUAN") in the net amount of $2,000,000 is hereby approved. Defendants, through counsel, shall prepare and deliver the drafts for the gross settlement proceeds in the amount of $4,500,000 within 30 days from the date of this Order, payable as follows:

a.    A draft for $2,500,000 shall be made payable to the "Law Offices of Dale K. Galipo, Client Trust Account."  These funds shall be used to satisfy the following: (1) the net portions of the settlement allocated to the other plaintiffs in this case (LUCIO MARQUEZ, HILDA GONZALES, JAVIER MARQUEZ, NICHOLAS MARQUEZ) in the amount of $700,000; (2) the contingency attorneys' fees owed by the plaintiffs in the total amount of $1,800,000 which is 40% of the gross settlement, which shall be split between two law firms.

b.    A draft for $2,000,000, made out to "Silvia Rosales, as trustee of the Juan Marquez 2026 Special Needs Trust."

2.    All notices of the date, time, and place on the *Motion to Create and Fund a Special Needs Trust* have been given as required by law.

3.    It is in the best interests of JUAN for a Trust to be established under 42 U.S.C. § 1396p(d)(4)(a) of the Social Security Act.

4.    JUAN has a disability that substantially impairs his ability to provide for his own care or custody and constitutes a substantial handicap.

5.    JUAN is likely to have special needs that will not be met without the Trust.

6.    The money to be paid to the Trust does not exceed the amount that appears reasonably necessary to meet JUAN's special needs.

7.    SILVIA ROSALES is appointed as Trustee of the *Juan Marquez 2026 Special Needs Trust.*

8.      SILVIA ROSALES, as Trustee of the *Juan Marquez 2026 Special Needs Trust*, is ordered to post bond in the amount of $2,170,800.00.

9.      SILVIA ROSALES, as Trustee, is to file a Petition to bring the Trust under the supervision of the Los Angeles County Superior Court probate department.

10.     Trustee, SILVIA ROSALES, is to file her first accounting no longer than 12 months from the date of entry of the Order establishing the Trust, to be filed under a new case number to be established for the Trust.

11.     All statutory liens in favor of the State Department of Health Care Services, the State Department of State Hospitals, the State Department of Developmental Services, and any county or city and county in this state shall first be satisfied. The *Juan Marquez 2026 Special Needs Trust*, the terms of which are attached hereto, is approved and established pursuant to 42 U.S.C. §1396p(d)(4)(a) for the benefit of JUAN.

**IT IS SO ORDERED.**

Dated: _____, 2026                    _____

Honorable Fernando M. Olguin
United States District Court
Central District of California

3
**ORDER**

## JUAN MARQUEZ 2026 SPECIAL NEEDS TRUST

### ARTICLE ONE
### Creation of Trust

**Section 1.** *Establishment of Trust.*

A. *Establishment of Trust.* This trust is established as a special needs trust by a Court for the sole benefit of JUAN MARQUEZ, an individual with disabilities, born March 17, 1998.

B. *Conformity with Applicable Law.* The trust agreement is established in accordance with the Omnibus Budget Reconciliation Act of 1993 (OBRA 1993), codified under 42 United States Code §1396p(d)(4)(A) (§1917(d)(4)(A) of the Social Security Act). The trust created by this agreement is intended to meet, and shall be interpreted to meet, the requirements for an exempt disability trust as described in 42 USC §1396p(d)(4)(A). Accordingly, it is meant to comply with the interpretations of that statute found in the Social Security Programs Operations Manual System (POMS) SI 01120.199–01120.203 and found in California regulatory law at 22 California Code of Regulations §50489.9. These laws provide that an irrevocable trust meeting certain requirements may be established for the sole benefit of an individual with a disability and the assets directed to the trust should not be deemed to have been owned by, or to be available to, the beneficiary for the purpose of public benefit eligibility. If applicable, the trust created by this agreement shall also be interpreted to comply with Probate Code §§3600–3613, §2580(b)(5), or both.

**Section 2.** *Trust Property, Trust Establishment, Trustee.*

A. *Trust Property.* This trust agreement is established for the specific purpose of receipt, management, and disbursement of settlement proceeds awarded for the benefit of JUAN MARQUEZ.

B. *Trust Establishment.* The United States District Court, Central District of California, in its order dated _____, established this trust. The court ordered that, in place of direct delivery of the settlement assets to a guardian or conservator of the estate of JUAN MARQUEZ, or placement into a blocked account, the assets instead be delivered to SILVIA ROSALES, in her role as Trustee of this Trust. The assets the court ordered to be transferred to this trust have been set forth on Schedule A to this trust.

C. *Initial Trustee*. The United States District Court, Central District of California, in its order dated _____, further directed SILVIA ROSALES to serve as the initial Trustee of this trust agreement.  By order of the court, SILVIA ROSALES is the initial Trustee of this trust. All references to "Trustee" or "Trustees" or "Co-Trustees" shall refer to the initial Trustee or Trustees or their successor or successors in trust.

D. *Court Supervision.* The Trust is subject to the continuing supervision and jurisdiction of the Probate Court.

**Section 3. *Beneficiary of Trust.***

A. *Beneficiary*. The sole life beneficiary of the *Juan Marquez 2026 Special Needs Trust* will be JUAN MARQUEZ, who will be referred to as the "Beneficiary" in this document.

B. *Beneficiary Has a Disability*. The Beneficiary suffered a traumatic brain injury that has left him with lasting disabilities.   Due to his disabilities, the Beneficiary will require ongoing care and supervision for the indefinite future.

**Section 4. *Name of Trust.*** For convenience, this trust shall be known as:

The *Juan Marquez 2026 Special Needs Trust*, Dated _____.

For purposes of beneficiary designations and transfers to the trust, the trust shall be referred to as:

The *Juan Marquez 2026 Special Needs Trust*, Dated _____.

SILVIA ROSALES is to serve as the initial Trustee, or her successors in trust, under the *Juan Marquez 2026 Special Needs Trust*, Dated _____, and any amendments to it.

**Section 5. *Irrevocability of Trust.*** This trust shall be irrevocable and not subject to amendment except on application of any interested party with the approval of a court of competent jurisdiction; provided, however, that any such amendment shall be consistent with, and in furtherance of, the purpose and intent of this trust, and no amendment shall change the duties and obligations of the Trustee without their prior written consent.  Further, consistent with the purpose of this trust to maintain eligibility for essential public benefits, the trust may be amended in order to comply with 42 United States Code §1396p(d)(4)(A), or with any other state or federal law or regulation governing eligibility for essential public benefits.

Under no circumstances does the Beneficiary have the legal authority to revoke the trust and then use the funds to meet his or her food, shelter, or medical needs, or to direct the use of the trust principal or income for his or her support and maintenance under the terms of the trust (POMS SI 01120.200). The Beneficiary has no such right to revoke this trust under its express terms and also has no such right implied by law because:

A. Although the Beneficiary is the sole Beneficiary during his life (see POMS SI 01120.201(F)), the Trust also has remainder beneficiaries (see Probate Code §15403(a));

B. Continuation of this Trust is necessary to carry out a material purpose of this Trust (see Probate Code §15403(b)); and

C. This Trust is subject to a restraint on transfer (spendthrift provision) of the Beneficiary's interest as provided by Probate Code §§15300–15301 (see Probate Code §15403(b)).

## ARTICLE TWO
## Funding and Purpose of Trust

**Section 1.** *Initial Funding.* The initial funding of this trust is from JUAN MARQUEZ's proceeds of the settlement from a civil matter.

**Section 2.** *No Trust Augmentation After Beneficiary's 65th Birthday.* Notwithstanding anything else stated in this agreement, the Trustee may not accept, and is directed to refuse, any additions to or augmentation of the trust on or after the Beneficiary's 65th birthday.  Prohibited additions or augmentation do not include interest, dividends, or other earnings from the trust property.  Further, if the trust contains the irrevocable assignment of the right to receive payments from an annuity or support payments made when the trust beneficiary was less than 65 years of age, the trustee may accept such annuity or support payments.

**Section 3.** *No Commingling.* The Trustee shall not permit any person, including the Beneficiary, to commingle funds not belonging to the trust with trust property. Specifically, the Trustee shall not accept or commingle any earnings or public benefits payable to the Beneficiary with trust property. Under no circumstances may a representative payee for the Beneficiary's Supplemental Security Income or other benefits administered by Social Security cause those funds to be commingled with property held by the Trustee under this trust agreement.

**ORDER**

**Section 4.** *Additional Funding.* The Trustee shall not accept additional property into the trust, other than those assets identified in this document such as the remainder of payments from the settlement referred to in Article Two, Section 1, without first obtaining a court order that the requirements of Probate Code §3604 have been satisfied.

**Section 5.** *Trust Purpose.* The purpose of this trust is to provide for the special needs of the Beneficiary, a person with a disability. The Beneficiary presently suffers from a disability that substantially impairs his ability to provide for his own care and custody and constitutes a substantial handicap. The Beneficiary either receives or is entitled to receive public benefits on account of his disabilities. In general, this trust is therefore intended to supplement, and not to supplant, the public benefits that would be available to the Beneficiary if this trust did not exist.

Currently, the Beneficiary requires goods and services, including special programs and equipment, that public benefits do not provide. It is vitally important that the Beneficiary receive these services to maintain a level of human dignity and humane care. If this trust were to be invaded by creditors, to be subjected to any liens or encumbrances, or to cause the Beneficiary's public benefits to be terminated, the trust corpus would likely be depleted before Beneficiary's death because the cost of Beneficiary's care (not including emergency needs) is very high. If the trust corpus were depleted, there would be no other source of payment for either emergencies or supplemental support for the Beneficiary's needs. The following trust provisions should be interpreted in light of these concerns and stated purpose.

### ARTICLE THREE
### Distribution for Special Needs

**Section 1.** *Discretionary Distribution Standard.* Unless this trust is terminated earlier, the Trustee shall hold, administer, and distribute all property allocated to this trust and all income for the sole benefit of the Beneficiary for the remainder of the Beneficiary's life or as long as the assets in the trust last. The Trustee shall pay to or apply for the Beneficiary as much of the net income and principal, up to the whole thereof as the Trustee, in its discretion, considers necessary or advisable to meet the Beneficiary's special needs. Any income not distributed shall be accumulated and added to principal.

Because the Beneficiary has a disability and is unable to maintain and support herself independently, the Trustee shall, in the exercise of his or her best judgment and fiduciary duty, administer this trust so as to encourage support and maintenance for the Beneficiary from all available public resources, including Supplemental Security Income (SSI), Medi-Cal, California Work Opportunities and Responsibility

7
**ORDER**

to Kids (CalWorks), Temporary Assistance to Needy Families (TANF), Federal Social Security Disability Insurance (SSDI), In-Home Supportive Services (IHSS), Public Housing and Section 8 housing assistance benefits, Veterans' benefits, and any and all successor programs, and any other appropriate federal, state, or local agency serving the disabled. All references in this instrument to Medi-Cal shall include any other state's Medicaid program equivalent.

In making distributions to or on behalf of the Beneficiary for his special needs, the Trustee shall take into consideration the applicable resource and income limitations of the public benefit programs for which the Beneficiary is eligible. However, the Trustee is not bound by such limitations in making distributions if such distributions would be in the best interests of the Beneficiary as determined in the Trustee's sole and absolute discretion.  Specifically, if it is in the Beneficiary's best interests, as determined in the Trustee's discretion, the Trustee may make distributions that result in a loss of the Beneficiary's public benefits, permanent or temporary, partial or total (e.g., payment of the Beneficiary's rent).

Although the Trustee's responsibility to administer this trust so as to encourage payment of public benefits is an element of its fiduciary duty under the terms of this trust, the Trustee shall be exempted and held harmless from liability for failure to administer this trust so as to allow the Beneficiary to obtain public benefits, or for loss of such benefits (permanent or temporary, partial or total), except in cases of gross negligence or willful misconduct.

**Section 2.** *Definition of "Special Needs."* As used in this instrument, "special needs" refers to the requisites for maintaining the Beneficiary's good health, safety, and welfare when in the Trustee's discretion such requisites are not being provided by any public agency, office, department of any city, county, or state government; by the federal government; or by any private agency.

By way of illustration, and not limitation, the term "special needs" includes basic living needs such as dental care, medical care, custodial care, support services, and similar care not provided by public benefits programs, which are related to and made reasonably necessary by the Beneficiary's disabilities. The Trustee is directed to consider these basic living needs when making distributions.

"Special needs" may include, but are not limited to, the following goods and services: clothing; telephone (cell phone or land line); Internet and television (cable or satellite); hair and nail care; furniture, as well as bedding and laundry; audio, video, and computer equipment; adaptive equipment; toys, musical instruments, and electronic devices; services to maintain the Beneficiary's equipment and household; educational and/or tutoring services; vehicles and services to improve and maintain

such vehicles; newer and more effective medications than Medi-Cal allows; more sophisticated medical or dental or diagnostic work or treatment for which funds are not otherwise available; other nonessential medical procedures (such as massage therapy or acupuncture); periodic outings and vacations (and other items to enhance the Beneficiary's quality of life, self-esteem, or situation); preneed funeral and burial expenses; and taxes. "Special needs" may include contracting for private health insurance and payment of premiums on such insurance when the Trustee determines that such health insurance coverage is in the best interest of the Beneficiary.

"Special needs" will not ordinarily include basic support, such as food, shelter, and medical care already paid for by Medi-Cal or Medicaid.  However, "special needs" may include such basic needs if the Trustee determines that they are inadequately met by the level or kind of public benefits actually provided. "Special needs" may also include basic needs if support for such needs is not available at all, e.g., as a result of public benefit program terminations, changes in program standards under which the Beneficiary no longer qualifies, or the Beneficiary's loss of benefits on account of his earnings, unearned income, or asset

### ARTICLE FOUR
### Trust Meets Legal Requirements

**Section 1.** *Treatment of Trust by Public Benefit Programs.* The purpose of this trust is to satisfy Supplemental Security Income ("SSI") and Medi-Cal program requirements, and this trust shall be interpreted to satisfy such requirements notwithstanding any other language herein, so that the establishment, funding, and administration of the trust do not prejudice the Beneficiary's eligibility for or ability to maximize public benefits. The purpose of this trust is to supplement and not supplant such benefits. However, the Trustee has discretion to make distributions causing some loss of benefits if the Trustee determines that doing so would be in the Beneficiary's best interests.

A.    *Medi-Cal.* This trust is established to satisfy the requirements of the Medicaid (in California, Medi-Cal) provisions of the Social Security Act for protecting the benefits Beneficiary receives from the Medi-Cal program.

1.    *Exemption of Trust Property from Being Counted as "Available."* The trust meets the requirements of §1917(d)(4)(A) of the Social Security Act (42 USC §1396p(d)(4)(A)) and implementing regulations of the California Department of Health Care Services for an exempt trust for a disabled person under the age of 65 (22 California Code of Regulations §50489.9(a)(3)):

a.     It is created on the date executed below, that is, on or after August 11, 1993, the effective date of the authorizing federal statute.

b.     The Beneficiary was born on March 17, 1998, and will be twenty-eight (28) years old at the date of execution of this trust. The trust is therefore funded with, and contains, the assets of a beneficiary who was under the age of 65 at the date the trust is established.

c.     It is established through order of the court.

d.     It is for the sole benefit of the Beneficiary who is currently disabled in accordance with 22 California Code of Regulations §50167(a).

e.     It provides that on the Beneficiary's death or other termination of the trust, and before any other distribution, any State(s) that provided medical assistance under the Medicaid program shall receive all remaining funds in the trust up to an amount equal to the total medical assistance paid on behalf of the Beneficiary by the Medicaid program, as further described and detailed in Article Six, Section 2(B)(1).

f.     It is irrevocable.  Accordingly, no part of the principal or undistributed income of the trust estate shall be considered available to the Beneficiary for health care or medical needs (under 22 California Code of Regulations §§50489, 50489.9(a)(3), and 50489.9(b)(2)).

2.     *Exemption From Transfer Disqualification.* Further, the transfer of assets to this trust is intended to satisfy the Medicaid (in California Medi-Cal) requirements of the Social Security Act for excluding certain transfers, including transfers to trusts, from causing ineligibility for medical assistance for the transferor. This trust meets the requirements of §1917(c)(2)(B)(iv) of the Social Security Act (42 USC §1396p(c)(2)(B)(iv)) and implementing guidelines of the California Department of Health Care Services exempting transfers to a trust for a disabled person under the age of 65. Medi-Cal Eligibility Procedures Manual, Article Nine, pages 9J–74, et seq. The assets are being transferred to a trust established pursuant to 42 United States Code §1396(d)(4)(A) solely for the benefit of an individual under 65 years of age who is disabled. Accordingly, the transfer of assets to this trust does not disqualify the Beneficiary from receiving Medi-Cal benefits.

B.     *Supplemental Security Income*. This trust is also established to satisfy the requirements of the Social Security Act for protecting the Beneficiary's SSI benefits.

1.    *Exemption of Trust Property from Being Counted as a Resource.* This trust meets the requirements of Section §1613(e)(5) of the Social Security Act (42 United States Code §1382b(e)(5)) and implementing Social Security Administration guidelines (Program Operations Manual System (hereinafter "POMS") SI 01120.203(C) and SI 01120.199), making unavailable assets held in trusts created under 42 United States Code §1396p(d)(4)(A). Specifically, in compliance with the action list in POMS SI 01120.203(C):

a.    The trust is established with the assets of an individual under the age of 65.

b.    The trust is established with the assets of a disabled individual.

c.    The disabled individual is the sole beneficiary during his life, whether the trust terminates at the Beneficiary's death or during life.

d.    It is established through order of the court.

e.    The trust provides specific language to reimburse the State(s) for medical assistance paid on the individual's death.

f.    The trust meets the special needs trust exception to the extent that the assets of the individual are being put into the trust before the individual attains the age of 65.

g.    The trust is irrevocable. Therefore, the trust meets the requirements for the special needs trust exception.

Because this trust is one created under such provisions, the trust rules otherwise applicable under §1613(e) of the Social Security Act (42 United States Code §1382b(e)) do not apply. As a result, no portion of the undistributed income or trust corpus are meant to be considered a resource available to the Beneficiary and no earnings of, or additions to, the corpus of the trust are meant to be considered income to the Beneficiary.

2.    *Exemption From Transfer Disqualification.* Further, this trust is intended to satisfy the SSI requirements of the Social Security Act for excluding certain transfers of assets, including transfers to trusts, from causing ineligibility for SSI for the transferor. It therefore meets the requirements of §1613(c)(1)(C)(ii)(IV) of the Social Security Act (42 United States Code §1382b(c)(1)(C)(ii)(IV)) and implementing Social Security Administration guidelines (POMS SI 01150.121(A)(3)) for an exception from disqualification on account of transfers of resources: The

resources are being transferred to a trust (including a trust created under 42 United States Code §1396(d)(4)(A)) established solely for the benefit of an individual under 65 years of age who is disabled.

This trust benefits no one but the Beneficiary, both at the time the trust is established and for the remainder of the Beneficiary's life (under POMS SI 01120.201(F)(2)). Accordingly, the transfer of assets to this trust does not disqualify the Beneficiary from receiving SSI.

3.      Resources Otherwise Unavailable. Finally, with regard to other general SSI trust rules (POMS SI 01120.200), the Beneficiary has no legal authority to revoke the trust and then use the funds to meet the Beneficiary's food or shelter needs, or to direct the use of trust principal or income for the Beneficiary's support and maintenance under the terms of the trust. The Beneficiary has no such right to revoke this trust under its express terms and also has no such right implied by law:

a.      Because there are remainder beneficiaries after the Beneficiary's death, the Beneficiary is not the sole beneficiary of this trust under California law and therefore may not revoke this trust as sole beneficiary (Probate Code §15403(a)) (although the Beneficiary is still the sole Beneficiary during his life, sufficient under POMS SI 01120.201(F)).

b.      Continuation of this trust is necessary to carry out a material purpose of this trust even if the Beneficiary were sole beneficiary and attempted to revoke it (Probate Code §15403(b)).

c.      This trust is also subject to a restraint on transfer of the Beneficiary's interest (spendthrift provision) as provided by Probate Code §§15300–15309, and, for this additional reason, may not be revoked (Probate Code §15403(b)).

**Section 2.** *Trust Meets All California Rules of Court 7.903 Requirements.* As required under California Rules of Court 7.903, this trust agreement:

A. Does not contain a "no-contest" provision;

B. Prohibits modification or revocation without court approval (see Article 1, Section 5);

C. Clearly identifies the Trustee and any other person with authority to direct the trustee to make disbursements (see Article 1, Section 2, and Article 5);

D. Prohibits investments by the Trustee other than those permitted under Probate Code §2574 (guardianship and conservatorship requirements) (see Article 7, Section 4);

E. Requires the persons identified in (C) to post bond in the amount required under Probate Code §§2320–2344 (see Article 8, Section 1);

F. Requires the Trustee to file accounts and reports for court approval in the manner and frequency required by Probate Code §§1060–1064 and 2620–2628 (see Article 8, Section 3);

G. Requires court approval of changes in Trustees and a court order appointing any successor Trustee (see Article 5, Section 1); and

H. Requires that compensation of the Trustee, the members of any advisory committee, or the attorney for the Trustee be in just and reasonable amounts that must be fixed and allowed by the court (see Article 5, Section 1).

**Section 3.  *Additional Trust Requirements*.**  In addition, this trust agreement provides that:

A.     Any purchase of a personal residence for the beneficiary may be made only if authorized by the court pursuant to the rules applicable to conservatorships and guardianships. (See Probate Code Section 2571)

B.     Any sale of a personal residence of the beneficiary may be made only if authorized by the court pursuant to the rules applicable to conservatorships and guardianships (See Probate Code Section 2540(b).)  Such sales must be returned to court for confirmation. (See Probate Code Section 10300 et. seq.); and

C.     The Trustee may not borrow money, lend money, give security, lease, convey, or exchange any property of the estate without prior authorization of the court.  (See Probate Code Section 2550).

## ARTICLE FIVE
### Trustee Provisions

**Section 1. *Trustee Provisions*.**

A.     *Initial Trustee*.  SILVIA ROSALES is to serve as the initial Trustee of this trust pursuant to the Court's order. The terms "Trustee", "Trustees", or "Co-Trustees" refers to any person or persons acting as Trustee or Co-Trustees, and each include both the singular and the plural.

B.      *Successor Trustees*. If at any time SILVIA ROSALES ceases to serve as trustee because of inability or resignation, the Court shall appoint a successor trustee pursuant to California Rule of Court 7.903(c)(7).

C.      *Compensation of Trustees and His or Her Attorney*. Unless the court has ordered otherwise, this Trust requires that compensation of the Trustee, the members of any advisory committee, or the attorney for the Trustee be in just and reasonable amounts that must be fixed and allowed by the court.

## ARTICLE SIX
## Administration on Death of Beneficiary

**Section 1. *Remainder Beneficiaries***. This trust shall terminate on the death of the Beneficiary.  Subject to the notice and reimbursement requirements in Article Six, Section 2, upon the Beneficiary's death, the Trustee shall distribute any undistributed balance to the Beneficiary's heirs at law, as determined by the California laws of intestate succession then in effect.

**Section 2. *Notice and Payback Provisions***. It is the purpose of this trust that the trust estate be exempt from being counted as an available resource to the Beneficiary under both the SSI provisions in the Foster Care Independence Act of 1999, §§205 and 206 (amending 42 United States Code §1382b), and the Medicaid provisions of the Omnibus Budget Reconciliation Act of 1993, §13611 (amending 42 United States Code §1396p(d)(4)(A)),and implementing California Medi-Cal regulations at 22 California Code of Regulations §50489.9. The Trustee shall therefore comply with the following provisions:

A.      *Notices.* On the death of the Beneficiary or the earlier termination of this Trust, the Trustee shall give notice in the manner provided by Probate Code §215 to the Third Party Liability Branch of the California Department of Health Care Services, to the State Department of Developmental Services, to the State Department of State Hospitals, and to any county or city and county that has made a written request to the Trustee for such notice, addressed to the county or city and county at the address specified in the request.

In addition, the Trustee shall give notice to the Third Party Liability Branch of the California Department of Health Care Services upon a change of Trustee, under 22 California Code of Regulations §50489.9(d)(2).

B.      *Distributions and Payments*

1.     *Payback to Medicaid*. On the death of the Beneficiary, the Trustee shall distribute to all State(s) Medicaid agencies from the remaining trust principal and income of this trust, up to the amount remaining in this trust, an amount equal to the total medical assistance paid on behalf of the Beneficiary by the Medicaid program as required by law.

2.     *Expenses Payable Before Medi-Cal Payback*.  Subject to Medi-Cal and SSI limitations and to the extent permitted by law, the Trustee may retain funds in the trust and pay certain expenses on the death of the Beneficiary before reimbursing DHCS or other states' Medicaid agencies. Currently, these limitations are set forth in POMS SI -01120.203(E) and Medi-Cal Eligibility Procedures Article 9J at p 9J-75 as revised December 18, 1997, in Manual Letter No. 192.

3.     *Distributions on Early Termination*.  The Trustee may terminate this trust with Court approval before the death of the Beneficiary, e.g., if the Beneficiary ceases to be disabled or the trust no longer contains sufficient assets to justify its administration.  However, only those trust expenses may be paid that are allowed to be paid in the event of early termination under federal and state law existing at the time of the early termination of this trust.  Further, after payment of such expenses the Trustee shall first reimburse all State(s) Medicaid agencies that provided medical assistance under their Medicaid plans to the extent of remaining trust assets.  All remaining funds after such reimbursement must be disbursed to the trust Beneficiary to reflect the "distribution only to the beneficiary upon early termination" requirements.  No entity other than the trust Beneficiary may benefit from the early termination.

///

**ARTICLE SEVEN**
**Trustee Powers**

**Section 1.** *Introduction to Powers of Trustee.* Except as otherwise provided in this agreement or modified by court order, the Trustee shall have the administrative and investment powers enumerated under this Article and all powers now conferred on trustees by California law and any additional powers conferred by future California legislation. These powers may be exercised without regard to any current or future limitations or insurance or collateralization requirements that would apply in the absence of express authorization in the trust document. The enumeration of certain powers of the Trustee shall not limit the Trustee's general or implied powers.

**Section 2.** *Reliance by Third Parties.* On presentation by the Trustee of this Article of the trust and a separate Certificate of Trust stating the name and address of

the Trustee affirming that the trust is in full force and effect and containing any pertinent provisions of the trust, all third parties shall rely on this transfer and follow all of the Trustee's instructions without risk of incurring any liability to the Trustee or the Beneficiary.

**Section 3.** *Cooperation in Obtaining and Maintaining Public Benefits.* The Trustee shall cooperate with the Beneficiary or his representative by providing information that is necessary for the Beneficiary to obtain or maintain eligibility for public benefits or entitlement programs. (Such programs include, but are not limited to, Social Security, Supplemental Security Income, Medicare, Medi-Cal, and In-Home Support Services.)

However, the Trustee shall not be responsible to the Beneficiary to obtain or maintain the Beneficiary's eligibility for such programs. Neither shall the Trustee be responsible for the loss or reduction of such public benefits.

**Section 4.** *Investment Powers*

A.    Except as authorized by court order, the Trustee shall have the power to invest trust funds, without court authorization, as set forth in Probate Code §2574. The Trustee, without court authorization, may invest funds in:

1.    Direct obligations of the United States, or of the State of California, maturing not later than 5 years from the date of making the investment.

2.    United States Treasury bonds redeemable at par value on the death of the holder for payment of federal estate taxes, regardless of maturity date.

3.    Securities listed on an established stock or bond exchange in the United States that are purchased on such exchange.

4.    Eligible securities for the investment of surplus state moneys as provided for in Government Code §16430.

5.    An interest in a money market mutual fund registered under the Investment Company Act of 1940 (15 United States Code §§80a-1 through 80a-64) or an investment vehicle authorized for the collective investment of trust funds pursuant to §9.18 of Part 9 of Title 12 of the Code of Federal Regulations, the portfolios of which are limited to United States government obligations maturing not later than 5 years from the date of investment and to repurchase agreements fully collateralized by United States government obligations.

6.      Units of a common trust fund described in Financial Code §1585. The common trust fund shall have as its objective investment primarily in short-term fixed income obligations and shall be permitted to value investments at cost pursuant to regulations of the appropriate regulatory authority.

B.      The Trustee may also obtain court authorization to invest trust assets in:

1.      Mutual funds, held and traded in the United States.

2.      Direct obligations of the United States, or of the State of California, maturing later than 5 years from the date of making the investment.

Nothing in this section limits the authority of the Trustee to seek court authorization for any investment or to make other investments with court authorization.

**Section 5.** *Authority to Purchase Residence.* Upon Court approval, the Trustee may purchase and maintain real estate as an asset of the trust.

If the Beneficiary is permitted to reside in the premises, the Trustee may make arrangements to protect the Beneficiary's continued eligibility for public benefits.

## ARTICLE EIGHT
### General Matters and Instructions Regarding Trusteeship

**Section 1.** *Bond.* A corporate fiduciary acting as Trustee shall not be required to furnish any bond for the faithful performance of its duties. Any named Trustee, successor Trustee, or person with authority to direct the Trustee to make disbursements who is not a corporate fiduciary shall have no authority to act during the primary beneficiary's lifetime without a court order either fixing bond for that person in the amount required by Probate Code §§2320–2335 or waiving the bond requirement pursuant to California Rule of Court 7.903(d).

**Section 2.** *Spendthrift.* No interest in the principal or income of this trust may be anticipated, assigned, encumbered, or subject to any creditor's claim or to legal process before actual receipt by the Beneficiary. Because this trust is intended to be conserved and maintained for the Beneficiary's special needs, no part of the trust principal or income may be subject to the claims of voluntary or involuntary creditors for any costs incurred or sums expended by any public agency, office, or department of California, any other state, or the United States, for the provision of care and services (including residential care) to or for the Beneficiary (whether prospectively or in reimbursement). The Beneficiary of the trust has a disability that substantially

impairs the Beneficiary's ability to provide for the Beneficiary's own care or custody and constitutes a substantial handicap.

**Section 3.** *Accounting to Court.* As required in Cal. Rule of Court 7.903(c)(6), the Trustee shall file a period Account and Report for Court Approval. The first Account and Report shall be filed 1 year from the date the court first approves this trust and every 2 years thereafter or as otherwise required in the manner and frequency required by Cal. Rule of Court 7.903(c)(6) (as prescribed by Probate Code §§1060–1064 and 2620–2628.)

**Section 4.** *Grantor Trust.* This trust is intended to be a grantor trust under Subpart E (commencing with §671) of Subchapter J of the Internal Revenue Code (IRC). Accordingly, the Beneficiary is intended to be treated as owner of the trust for income tax purposes, and to be subject to tax on income received by the trust.

A.    The Trustee is not a remainder beneficiary and does not otherwise have a substantial interest in the trust, either as to income or corpus, which would be adversely affected by the exercise or nonexercise of powers that the Trustee possesses respecting the trust. The Trustee is therefore not an adverse party (IRC §672(a)).

B.    The Trustee may distribute, in their discretion, all of the income of this trust, without the approval or consent of any adverse party, to or for the benefit of the Beneficiary. In addition, the Trustee, in its discretion, may hold or accumulate income for future distribution to the Beneficiary/grantor (IRC §677(a)).

C.    The Beneficiary's beneficial enjoyment of the corpus and income of this trust is subject to a power of disposition exercisable by a nonadverse party, i.e., the Trustee, without the consent of any adverse party (IRC §674). The Trustee has a power to distribute corpus, but its power is discretionary and, because the Trustee may distribute for the pleasure or happiness of the Beneficiary, it is not limited by a reasonably definite standard (IRC §674(b)(5)(A)). The Beneficiary retains a power exercisable by will over the beneficial enjoyment of the income of the trust on his death, and such power includes the power to appoint income that may be accumulated at the discretion of the Trustee, without the approval or consent of an adverse party (IRC §674(b)(3)).

**Section 5.** *Choice of Law.* All rights and duties under this trust shall be governed by the laws of the State of California. These include, but are not limited to, the jurisdiction of the Superior Court over proceedings involving trusts. Probate Code §§17200–17211.

**Section 6.** *Severability*. Should any provision of this trust be or become invalid or unenforceable, the remaining provisions shall be and continue to be fully effective.

**Section 7.** *Gender and Number*. In all matters of interpretation of this instrument, whenever necessary to give effect to any provision of this instrument, the masculine shall include the feminine and neuter, and vice versa, the singular shall include the plural, and the plural shall include the singular.

**Section 8.** *Perpetuities Savings Clause*. Unless terminated earlier in accordance with other provisions of this instrument, all trusts created under this instrument shall terminate 21 years after the death of the Beneficiary. The principal and undistributed income of a terminated trust shall be distributed to the income beneficiaries of that trust in the same proportion that the beneficiaries are entitled to receive income when the trust terminates.

**Section 9.** *Duplicate Originals.* This agreement may be executed in several counterparts; each counterpart shall be considered a duplicate original agreement.

## SCHEDULE A

The *Juan Marquez 2026 Special Needs Trust* shall consist of the following:

- $2,000,000.00 is to initially fund the Special Needs Trust.

*****

IT IS SO ORDERED.


DATED: _____          _____
                                                    *Hon. Fernando M. Olguin*