**LAW OFFICES OF DALE K. GALIPO**
DALE K. GALIPO, ESQ. (SBN 144074)
DALEKGALIPO@YAHOO.COM
RENEE V. MASONGSONG (SBN 281819)
RVALENTINE@GALIPOLAW.COM
21800 BURBANK BOULEVARD, SUITE 310
WOODLAND HILLS, CA 91367
TELEPHONE: (818) 347-3333
FACSIMILE: (818) 347-4118

**KIRAKOSIAN LAW, APC**
GREG L. KIRAKOSIAN (SBN 294580)
GREG@KIRAKOSIANLAW.COM
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE: (213) 417-9790
FACSIMILE: (213) 477-2355

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JUAN MARQUEZ, by and through his Guardian ad Litem, Lucio Marquez; LUCIO MARQUEZ; HILDA GONZALES; JAVIER MARQUEZ; NICHOLAS MARQUEZ;

Plaintiffs,

vs.

JOSHUA CORRALES; ERNESTO HERNANDEZ; COUNTY OF LOS ANGELES,

Defendants.

CASE NO: 2:22-cv-07246-FMO-AGR

**PLAINTIFFS' UNOPPOSED EX PARTE APPLICATION FOR APPOINTMENT OF A GUIARDIAN AD LITEM FOR MINOR CLAIMANT M.M. AND APPROVAL OF HIS CLAIMS OR POTENTIAL CLAIMS AND DISBURSEMENT OF SETTLEMENT FUNDS; VERIFICATION BY MINOR'S GUARDIAN**

*[Proposed Order filed concurrently herewith]*

*Assigned for all purposes to the Honorable Fernando M. Olguin*

/ / /

/ / /

**TO THIS HONORABLE COURT, AND ALL PARTIES THROUGH THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiffs, JUAN MARQUEZ, by and through his guardian ad litem, LUCIO MARQUEZ, JR.; HILDA GONZALES; JAVIER MARQUEZ; and NICHOLAS MARQUEZ ("Plaintiffs") hereby move this Court by way of this Unopposed *Ex Parte* Application for Approval of Compromise of the Claims or Potential Claims of Minor Claimant M.M. and disbursement of the settlement funds.

Plaintiffs make this application pursuant to Central District Local Rule 7-19. The grounds for this application are set forth in the Memorandum of Points and Authorities, which follows below. The instant *ex parte* application and petition is being filed at the request of Defendant County of Los Angeles, who is unwilling to release the settlement funds until this Court approves the claims or potential claims of M.M. because M.M. submitted a claim in connection with this matter and is a party to the settlement agreement. Prior to filing this *ex parte* application and petition, on August 19, 2026, Plaintiffs' counsel contacted Defendants' counsel in compliance with Local Rule 7-19 through 7-19.1. Defendants are represented by: Jill Williams; Carpenter, Rothans & Dumont; 500 South Grand Avenue, 19th Floor; Los Angeles, California 90071; 213-228-0400; jwilliams@crdlaw.com. [Declaration of Renee V. Masongsong ("Masongsong Decl.") at ¶ 2]. Defendants' counsel has no opposition to this *ex parte* application, and Defendants and their counsel take no position as to the distribution of the settlement funds. However, the County requests that its deadline to issue settlement funds be extended to 20 days after the Court's ruling on this *ex parte* application. [Masongsong Decl. at ¶ 3].

Plaintiffs seek appointment of Lucio Marquez to be the guardian ad litem for M.M. and approval of M.M.'s compromise on an *ex parte* basis because this case has been ongoing since October 4, 2022. The Parties reached a settlement in December 2023, the settlement was approved by the County in November 2025,

and the Parties wish to resolve this matter and consummate the settlement without further delay. Plaintiffs also file this Petition on an ex parte basis because this Court entered an order on August 7, 2026, granting Plaintiffs' Ex Parte Application to Create and Fund Special Needs Trust and Disburse Settlement Funds (Dkt. 89, 90) and imposing a 30-day deadline by which Defendant County of Los Angeles must disburse the settlement funds. This deadline falls on September 8, 2026, and the County is unwilling to disburse the settlement funds until the instant Petition and Plaintiffs' concurrent Application for Appointment of Lucio Marquez as Guardian ad Litem for M.M. is approved. (Dkt. 90). [Masongsong Decl. at ¶ 4].

Respectfully submitted,

DATED: August 20, 2026

**LAW OFFICES OF DALE K. GALIPO**

By: /s/ Dale K. Galipo
DALE K. GALIPO
RENEE V. MASONGSONG
Attorneys for Plaintiffs and Claimant M.M.

DATED: August 19, 2026

**KIRAKOSIAN LAW, APC**

By: /s/ Greg L. Kirakosian
GREG L. KIRAKOSIAN
Attorneys for Plaintiffs and Claimant M.M.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

This matter, which arises from the deputy-involved shooting of Plaintiff Juan Marquez, previously settled in its entirety for a total of $4,500,000. Pursuant to the settlement, and after reviewing Plaintiffs' Ex Parte Application to Create and Fund Special Needs Trust and Disburse Settlement Funds, this Court previously issued an order to disburse the settlement funds. (Dkt. 90). Juan Marquez suffered serious injuries but survived the shooting. In the operative complaint, Juan Marquez asserted various claims arising under the Fourth Amendment and state law, and his family members who witnessed the shooting (Hilda Marquez, Lucio Marquez, and Nicholas Marquez) brought claims for negligent infliction of emotional distress and interference with their familial relationship with Juan Marquez. There are no other named plaintiffs in this lawsuit.

M.M. is the minor brother of Plaintiff Juan Marquez. Pursuant to the California Tort Claims Act, on February 17, 2022, M.M. filed a tort claim arising from the incident giving rise to the instant lawsuit. Although he filed a tort claim to preserve any potential claims, it was ultimately determined that he did not have standing to participate in the instant lawsuit, given that he did not witness the shooting of Juan Marquez, he is not an heir of Juan Marquez, and this is not a wrongful death case. Therefore, M.M. is not a named Plaintiff in the instant case. At the request of Defendant County of Los Angeles, M.M. previously signed the settlement agreement and release, by and through his father and proposed guardian ad litem, Lucio Marquez. Defendant County of Los Angeles is unwilling to release the settlement funds until this Court appoints a guardian ad litem for M.M. and approves a petition for compromise of his claims or potential claims. Accordingly, Plaintiffs hereby file the instant Petition, concurrently with

Plaintiffs' Application for Appointment of Lucio Marquez as Guardian ad Litem for Minor Claimant M.M.. [Masongsong Decl. at ¶ 5].

As previously stated in Plaintiffs' Ex Parte Application to Create and Fund Special Needs Trust and Disburse Settlement Funds (Dkt. 89), the $4,500,000 settlement is allocated as follows: $2,000,000 to Plaintiff Juan Marquez; $700,000 is allocated collectively to Plaintiffs Hilda Marquez, Lucio Marquez, and Nicholas Marquez; $1,800,000 to the contingency attorneys' fees in the amount of 40%, to be split between two law firms. Plaintiffs' counsel is waiving litigation costs. [Masongsong Decl. at ¶ 6]. Out of the $700,000, Plaintiffs Hilda Marquez, Lucio Marquez, and Nicholas Marquez have agreed to allocate $5,000 to minor claimant M.M.. Plaintiffs request that this Court issue the proposed order filed concurrently herewith, which states that the $5,000 shall be placed in a blocked interest bearing account in the name of M.M. at Wells Fargo Bank until M.M. turns 18. The account shall be federally insured and subject to withdrawal only upon further court order, or automatically available to the minor when they reach the age of 18. The deposit will be made at the La Mirada branch of Wells Fargo Bank, located at 15056 Rosecrans Ave., La Mirada, CA 90638. [Masongsong Decl. at ¶ 7].

## II. <u>DISCUSSION</u>

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving minor plaintiffs [or, in this instance, a minor claimant], this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States,* 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a

court must independently investigate and evaluate any compromise or settlement of a minors' claims to assure itself that the minors' interests are protected, even if the settlement has been recommended or negotiated by the minors' parent or guardian ad litem.").

California Code of Civil Procedure Section 372 and California Rules of Court, Rule 3.1384 refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure Section 372 must comply with rules 7.950, 7.951, and 7.952." Pursuant to the above California rules, Plaintiffs and their attorneys make the following disclosures:

1. Petitioner is Lucio Marquez as guardian *ad litem* for M.M. and also as the legal guardian and father of M.M.

2. Plaintiff M.M. is the minor brother of Plaintiff Juan Marquez.

3. M.M. is not a plaintiff in this case and has no viable claims to be presented in any lawsuit arising from the shooting of Juan Marquez. However, at the request of Defendant County of Los Angeles, M.M. signed the settlement agreement and release. Pursuant to the settlement agreement, any claim or potential claim that M.M. may have will be compromised without a trial on the merits. [Masongsong Decl. at ¶ 8].

4. Neither medical treatment nor medical billing are relevant to this case; M.M. has not received medical treatment in connection with this case.

5. The total amount of the settlement that Defendant County of Los Angeles agrees to pay is $4,500,000. Of the $4,500,000 gross settlement amount, a net amount of $5,000 is proposed to be distributed to M.M.

6. Plaintiffs' attorneys are requesting attorneys' fees of 40% of the gross settlement proceeds. This amount is $1,800,000 and will be split between two law

firms (Law Offices of Dale K. Galipo and Kirakosian Law). This amount was previously approved by this Court (Dkt. 90). Plaintiffs' attorneys are not seeking any additional fees from minor claimant M.M.. Plaintiffs' attorneys are waiving reimbursement for the litigation costs that both firms incurred as to all Plaintiffs. Plaintiffs, including Hilda Gonzales as proposed guardian ad litem for and natural mother of M.M., signed a retainer agreement with the Law Offices of Dale K. Galipo that provides for a 40% contingency fee. [Masongsong Decl. at ¶ 9].

7. As stated above, the gross amount of the settlement is $4,500,000. The net share of these proceeds apportioned for minor M.M. is $5,000. Although M.M. is not a named plaintiff and suffered no cognizable injury, Defendant County of Los Angeles has requested that a portion of the settlement be allocated to M.M., and the Plaintiffs have agreed. [Masongsong Decl. at ¶ 10].

8. It is requested that $5,000 be placed in a blocked interest bearing account in the name of M.M. at Wells Fargo Bank until M.M. turns 18. The account shall be federally insured and subject to withdrawal only upon further court order, or automatically available to the minor when they reach the age of 18. The deposit will be made at the La Mirada branch of Wells Fargo Bank, located at 15056 Rosecrans Ave., La Mirada, CA 90638. M.M.'s father and guardian *ad litem,* Lucio Marquez, agrees to this proposal and believes that it is in the best interests of M.M.. [Masongsong Decl. at ¶ 11].

9. The moving guardian *ad litem* Lucio Marquez is the natural father of claimant M.M.. Although Lucio Marquez is a plaintiff in this matter, he has no interests adverse to M.M. and no claims against M.M. in connection with the subject incident. [Masongsong Decl. at ¶ 12].

10. California Welfare and Institutions Code Section 14124.73 does not apply.

11. The instant petition does not seek an order for payment of money to a special needs trust. This Court previously granted Plaintiffs' Ex Parte Application to Create and Fund Special Needs Trust and Disburse Settlement Funds (Dkt. 89, 90). The Special Needs Trust is for Plaintiff Juan Marquez and does not apply to minor claimant M.M..

**Disclosures pursuant to California Rule of Court 7.951:**

1. This petition was prepared by attorney Renee V. Masongsong (California State Bar Number 281819), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiffs in this action. [Masongsong Decl. at ¶ 13].

2. Plaintiffs' attorneys did not become concerned with this matter at the instance of any party against whom the claims of M.M. are asserted. [Masongsong Decl. at ¶ 14].

3. The Law Offices of Dale K. Galipo and Kirakosian Law represent the plaintiffs in this matter but are not employed by any other party or any insurance carrier involved in the matter. [Masongsong Decl. at ¶ 15].

4. The Law Offices of Dale K. Galipo and Kirakosian Law have not to date received any compensation for their services in connection herewith from any person. [Masongsong Decl. at ¶ 16].

5. Plaintiffs' attorneys expect to receive compensation for their services in connection herewith from the gross settlement proceeds allocated to all Plaintiffs in the amount of $1,800,000. [Masongsong Decl. at ¶ 17].

6. The Law Offices of Dale K. Galipo and Kirakosian Law accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The current retainer agreement provides for a 40 percent attorney fee recovery. [Masongsong Decl. at ¶ 18].

**Petitioner's endorsement:**

Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to M.M.'s claims or potential claims, the parties responsible for the incident, and the nature, extent and seriousness of the minors' claims. Petitioner further understands that if the compromise proposed in this petition is approved by the Court and is consummated, M.M. will be forever barred from seeking any further recovery of compensation even though M.M.'s injuries and loss might in the future appear to be more serious than they are now thought to be. Petitioner is informed and believes that the minor has made some sufficient recovery from the effects of his injuries and losses so as to justify the resolution of this matter in accord with the terms of the settlement agreement. Petitioner recommends the compromise settlement and the proposed distribution to M.M. to the Court as being fair, reasonable, and in the best interest of the minor, and requests that the Court approve this compromise settlement and make such other and further orders as may be just and reasonable. [Masongsong Decl. at ¶ 19; Verification of Lucio Marquez filed concurrently herewith].

## III. CONCLUSION

For the reasons above, the Court should enter the proposed order submitted concurrently herewith.

Respectfully Submitted,

DATED: August 21, 2026

**LAW OFFICES OF DALE K. GALIPO**

By: *___/s/ Dale K. Galipo___________*
DALE K. GALIPO
RENEE V. MASONGSONG
Attorneys for Plaintiffs and Claimant M.M.

DATED: August 21, 2026

**KIRAKOSIAN LAW, APC**

By: *__/s/ Greg L. Kirakosian ________*
GREG L. KIRAKOSIAN
Attorneys for Plaintiffs and Claimant M.M.

## VERIFICATION BY MINOR'S GUARDIAN

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed on this 19th day of August 2026, at Whittier, California.

Lucio Marquez
Lucio Marquez (Aug 20, 2026 09:50:24 PDT)

Lucio Marquez, guardian ad litem for minor claimant M.M.