LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
Email: rvalentine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4111

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JUAN MARQUEZ, by and through his Guardian ad Litem, Lucio Marquez; LUCIO MARQUEZ; HILDA GONZALES; JAVIER MARQUEZ; NICHOLAS MARQUEZ;

Plaintiffs,

vs.

JOSHUA CORRALES; ERNESTO HERNANDEZ; COUNTY OF LOS ANGELES,

Defendants.

CASE NO: 2:22-cv-07246-FMO-AGR

**DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF PLAINTIFFS' UNOPPOSED EX PARTE APPLICATION FOR APPOINTMENT OF A GUIARDIAN AD LITEM FOR MINOR CLAIMANT M.M. AND APPROVAL OF HIS CLAIMS OR POTENTIAL CLAIMS AND DISBURSEMENT OF SETTLEMENT FUNDS**

# DECLARATION OF RENEE V. MASONGSONG

1. I am an attorney licensed to practice law in the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiffs in this action and for minor claimant M.M. I have personal knowledge of the matters stated herein and would and could testify competently thereto if called.

2. I emailed a copy of the Ex Parte Application filed concurrently herewith to Defendants' counsel on August 19, 2026. Defendants are represented by Jill Williams; Carpenter, Rothans & Dumont; 500 South Grand Avenue, 19th Floor; Los Angeles, California 90071; 213-228-0400; jwilliams@crdlaw.com.

3. Counsel for Defendants, Ms. Williams, informed me that Defendants do not oppose the filing of this application on an *ex parte* basis, and Defendants take no position on the proposed distribution of the settlement funds. However, the County requests that its deadline to issue settlement funds be extended to 20 days after the Court's ruling on this *ex parte* application.

4. Plaintiffs seek appointment of Lucio Marquez to be the guardian ad litem for M.M. and approval of M.M.'s compromise on an *ex parte* basis because this case has been ongoing since October 4, 2022. The Parties reached a settlement in December 2023, the settlement was approved by the County in November 2025, and the Parties wish to resolve this matter and consummate the settlement without further delay. Plaintiffs also file this Petition on an ex parte basis because this Court entered an order on August 7, 2026, granting Plaintiffs' Ex Parte Application to Create and Fund Special Needs Trust and Disburse Settlement Funds (Dkt. 89, 90) and imposing a 30-day deadline by which Defendant County of Los Angeles must disburse the settlement funds. This deadline falls on September 8, 2026, and the County of Los Angeles is unwilling to disburse the settlement funds until the instant Petition and Plaintiffs' concurrent Application for Appointment of Lucio Marquez as Guardian ad Litem for M.M. is approved. (Dkt. 90).

5. M.M. is the minor brother of Plaintiff Juan Marquez. Pursuant to the California Tort Claims Act, on February 17, 2022, M.M. filed a tort claim arising from the incident giving rise to the instant lawsuit. Although he filed a tort claim to preserve any potential claims, it was ultimately determined that he did not have standing to participate in the instant lawsuit, given that he did not witness the shooting of Juan Marquez, he is not an heir of Juan Marquez, and this is not a wrongful death case. Therefore, M.M. is not a named Plaintiff in the instant case. At the request of Defendant County of Los Angeles, M.M. previously signed the settlement agreement and release, by and through his father and proposed guardian ad litem, Lucio Marquez. Defendant County of Los Angeles is unwilling to release the settlement funds until this Court appoints a guardian ad litem for M.M. and approves a petition for compromise of his claims or potential claims. Accordingly, Plaintiffs hereby file the instant Petition, concurrently with Plaintiffs' Application for Appointment of Lucio Marquez as Guardian ad Litem for Minor Claimant M.M.

6. As previously stated in Plaintiffs' Ex Parte Application to Create and Fund Special Needs Trust and Disburse Settlement Funds (Dkt. 89), the $4,500,000 settlement is allocated as follows: $2,000,000 to Plaintiff Juan Marquez; $700,000 is allocated collectively to Plaintiffs Hilda Marquez, Lucio Marquez, and Nicholas Marquez; $1,800,000 to the contingency attorneys' fees in the amount of 40%, to be split between two law firms. Plaintiffs' counsel is waiving litigation costs.

7. Out of the $700,000, Plaintiffs Hilda Marquez, Lucio Marquez, and Nicholas Marquez have agreed to allocate $5,000 to minor claimant M.M. Plaintiffs request that this Court issue the proposed order filed concurrently herewith, which states that the $5,000 shall be placed in a blocked interest bearing account in the name of M.M. at Wells Fargo Bank until M.M. turns 18. The account shall be federally insured and subject to withdrawal only upon further court order, or automatically available to the minor when they reach the age of 18. The deposit will be made at the La Mirada branch of Wells Fargo Bank, located at 15056 Rosecrans

Ave., La Mirada, CA 90638.

8. M.M. is not a plaintiff in this case and has no viable claims to be presented in any lawsuit arising from the shooting of Juan Marquez. However, at the request of Defendant County of Los Angeles, M.M. signed the settlement agreement and release. Pursuant to the settlement agreement, any claim or potential claim that M.M. may have will be compromised without a trial on the merits.

9. Plaintiffs' attorneys are requesting attorneys' fees of 40% of the gross settlement proceeds. This amount is $1,800,000 and will be split between two law firms (Law Offices of Dale K. Galipo and Kirakosian Law). This amount was previously approved by this Court (Dkt. 90). Plaintiffs' attorneys are not seeking any additional fees from minor claimant M.M. Plaintiffs' attorneys are waiving reimbursement for the litigation costs that both firms incurred as to all Plaintiffs. Plaintiffs, including Hilda Gonzales as proposed guardian ad litem for and natural mother of M.M., signed a retainer agreement with the Law Offices of Dale K. Galipo that provides for a 40% contingency fee.

10. As stated above, the gross amount of the settlement is $4,500,000. The net share of these proceeds apportioned for minor M.M. is $5,000. Although M.M. is not a named plaintiff and suffered no cognizable injury, Defendant County of Los Angeles has requested that a portion of the settlement be allocated to M.M., and the Plaintiffs have agreed.

11. It is requested that $5,000 be placed in a blocked account in the name of M.M. at Wells Fargo Bank until M.M. turns 18. The account shall be federally insured and subject to withdrawal only upon further court order, or automatically available to the minor when they reach the age of 18. The deposit will be made at the La Mirada branch of Wells Fargo Bank, located at 15056 Rosecrans Ave., La Mirada, CA 90638. M.M.'s father and guardian *ad litem,* Lucio Marquez, agrees to this proposal and believes that it is in the best interests of M.M.

12. The moving guardian *ad litem* Lucio Marquez is the natural father of

claimant M.M. Although Lucio Marquez is a plaintiff in this matter, he has no interests adverse to M.M. and no claims against M.M. in connection with the subject incident.

13. I prepared the Petition discussed herein and filed concurrently herewith. My California State Bar Number is 281819. I am employed at the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiffs in this action.

14. Plaintiffs' attorneys did not become concerned with this matter at the instance of any party against whom the claims of M.M. are asserted.

15. The Law Offices of Dale K. Galipo and Kirakosian Law represent the plaintiffs in this matter but are not employed by any other party or any insurance carrier involved in the matter.

16. The Law Offices of Dale K. Galipo and Kirakosian Law have not to date received any compensation for their services in connection herewith from any person.

17. Plaintiffs' attorneys expect to receive compensation for their services in connection herewith from the gross settlement proceeds allocated to all Plaintiffs in the amount of $1,800,000.

18. The Law Offices of Dale K. Galipo and Kirakosian Law accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The current retainer agreement provides for a 40 percent attorney fee recovery.

19. Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to M.M.'s claims or potential claims, the parties responsible for the incident, and the nature, extent and seriousness of the minors' claims. Petitioner further understands that if the compromise proposed in this petition is approved by the Court and is consummated, M.M. will be forever barred from seeking any further recovery of compensation even though M.M.'s injuries and loss might in the future appear to be more serious

than they are now thought to be. Petitioner is informed and believes that the minor has made some sufficient recovery from the effects of his injuries and losses so as to justify the resolution of this matter in accord with the terms of the settlement agreement. Petitioner recommends the compromise settlement and the proposed distribution to M.M. to the Court as being fair, reasonable, and in the best interest of the minor, and requests that the Court approve this compromise settlement and make such other and further orders as may be just and reasonable.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 21st day of August, 2026 at Woodland Hills, California.

*s/ Renee V. Masongsong*

Renee V. Masongsong